## 10225

### LORICK & LOWRANCE, INC., v. HESLEP ET AL.

#### (99 S. E. 835.)

ACTION—JOINDER—PARTNERSHIP AND INDIVIDUAL LIABILITY.—Two causes of action, the first alleging goods sold to defendants as partners, and the other alleging goods sold to one defendant, to be used in a building being constructed by the two defendants, relate to the same transaction and state causes of action in both of which both defendants are interested so that they could be properly joined under Code Civ. Proc. 1912, sec. 218.

Before WHALEY, County Judge, Richland, April term, 1919.    Reversed.

Action by Lorick & Lowrance, Incorporated, against J. C. Heslep and W. R. Harbeck, as partners, and W. R. Harbeck individually.    Order sustaining demurrer to the complaint and dismissing the complaint, and plaintiff appeals.

*Mr. D. W. Robinson,* for appellants, cites: *As to what causes of action may be joined:* Code of Procedure, sec. 218; 48 S. C. 79-80; Pomeroy on Remedies and Remedial Rights, p. 479; Pomeroy's Rights, etc., sec. 463; 26 S. C. 478; 26 S. C. 480 (differentiated from case at bar); 96 S. E. 539; — S. C. —; Pomeroy's Remedies, sections 475, 775, *et seq.;* Pomeroy, sec. 479; 152 Mass. 133; 24 N. E. 1089; 98 S. C. 161.    *Duty of Court on demurrer:* Code of Procedure, sec. 223; sec. 194, subsec. 5.

*Messrs. Nelson & Gettys* and *Alfred Wallace, Jr.,* cite: *As to joinder of causes of action:* Code 1912, vol. I, sec. 218; 48 S. C. 65; 25 S. E. 977; 90 S. E. (S. C.) —; Pomeroy on Remedies and Remedial Rights, sections 308, 479-82; 108 S. C. 145; 93 S. E. 163; 26 S. C. 478; 98 S. C. 161; 96 S. E. 538.    *As to the Court dismissing the complaint after sustaining the demurrer:* 76 S. C. 15; 56 S. E. 543.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order sustaining demurrer and dismissing complaint, by his Honor, County Judge Whaley.

The demurrer was on the ground that the first cause of action affects both of the defendants, and the second cause of action does not affect defendant, Heslep, and the further ground that the causes of action are inconsistent. After entry of judgment, plaintiff appealed.

Exceptions 1 and 2 are as follows:

"(1) His Honor, M. S. Whaley, erred in ruling that the second cause of action set forth in the complaint does not affect Heslep at all, the same being erroneous, in that Heslep, and the partnership of Heslep & Harbeck were and are directly interested in ascertaining and determining who was primarily liable to the plaintiff, and the order of liability, if any, by and among the different defendants.

"(2) His Honor erred in holding and ruling that the two causes of action set forth in the complaint could not be joined."

The causes of action, as set out in the complaint, are based on the same transaction, and fall within the language and spirit of the Code of Civil Procedure, sec. 218. The complaint alleges that the goods were furnished under the authority of Harbeck, but furnished to and for the use of a partnership composed of both defendants. If plaintiff should fail to make good its allegation, the authority of Harbeck for the purchase on his credit as an individual, then the partnership would be liable at least for the value of the supplies and materials which it received, or used, in an implied contract, for there is no doubt that both defendants were erecting a building for the University of South Carolina, in some capacity, and the supplies and material were actually furnished by the plaintiffs and received, either

as a partnership, composed of Heslep and Harbeck, or on the individual account of Harbeck. The complaint by its two causes of action alleges that the defendants are individually and jointly liable. The plaintiffs' supplies and material have been advanced and used, and they set out causes of action arising out of the same transaction, and are entitled to a trial, to determine whether there is a partnership between the defendants which is liable, or whether the material and supplies were purchased under the authority of Harbeck, and used for his benefit and charged to him individually. Both defendants are interested in each cause of action.

The defendants admit, by their demurrer, that they obtained and used the materials and supplies, and plaintiffs have stated a cause of action in its effort to collect a just claim, and wants a judgment, either against the partnership or the individual. The burden is on the plaintiffs to show the truth of its allegations. The defendants received the supplies and material, and some one, or both of them, ought to pay therefor, and the exceptions must be sustained, and order appealed from reversed. This renders it unnecessary to consider the other exceptions.

Order appealed from reversed.